UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ACE COOK, JR., | No. 1:16-cv-00429-DAD-JLT |
| Plaintiff, | |
| v. | ORDER GRANTING MOTIONS TO DISMISS |
| CITY OF CALIFORNIA CITY, TOM WILLIAM WEIL, WILLIAM ROBERT SMITH, CHARLES F. NEUMEYER, GEORGE ROSCOE TRINDALL III, JONES and MAYER, and SHANNON HAYES, | (Doc. Nos. 16, 28) |
| Defendants. | |

Plaintiff's original complaint was filed in this court on March 28, 2016, and his first amended complaint ("FAC") was filed on June 1, 2016. (Doc. Nos. 1, 12.) The allegations of plaintiff's FAC relate to an ongoing state court lawsuit brought by the defendants seeking to enjoin plaintiff's cultivation of marijuana on his property located in California City, California. (*See* Doc. No. 12.) Defendants Jones and Mayer, Neumeyer, and Trindall — attorneys in the underlying state court action and their law firm (hereafter "the attorney defendants") — filed a motion to dismiss the FAC on June 15, 2016. (Doc. No. 16.) An opposition was filed on July 19, 2016, a reply on July 26, 2016, and oral argument was heard August 2, 2016. At that hearing attorney Olaf Landsgaard appeared on behalf of plaintiff and attorneys Eugene Ramirez, Julie

1

Fleming, Howard Franco, and Kelsey Nau appearing on behalf of the moving defendants. (Doc. Nos. 20, 23, 27.) Because the remaining defendants had not joined in the motion to dismiss but had appeared and indicated they would shortly be moving to dismiss the complaint as well, the court deferred submission until both motions to dismiss had been filed and argued. Subsequently, the remaining defendants (hereafter "the city defendants") filed a motion to dismiss on August 9, 2016. (Doc. No. 28.) An opposition was filed on September 22, 2016 and a reply filed on September 29, 2016. (Doc. Nos. 33, 36.) The motion to dismiss filed on behalf of the city defendants was heard on October 6, 2016. The same counsel again appeared on behalf of the parties, absent attorney Nau.

Having considered the briefs and arguments of the parties and for the reasons set forth below the court will grant the motions to dismiss brought on behalf of all defendants.

**Background**

The allegations of plaintiff's FAC are difficult to decipher. The facts alleged therein, such as the court can glean, are as follows. Plaintiff resides at 8737 Holly Avenue, California City, California. At about 2:00 p.m. on Friday, September 19, 2014, defendant Hayes of the California City Police Department ("CCPD") "jumped into" plaintiff's front yard and left a calling card and a copy of a new California City ordinance banning the cultivation of marijuana within the city limits, presumably at plaintiff's front door. (Doc. No. 12 at ¶¶ 22–23.) On September 26, 2014, plaintiff sent a claim letter to the California City demanding damages in the amount of $325, alleging that defendant Hayes had trespassed on his land in violation of California Civil Code §§ 52 and 52.1 and 42 U.S.C. § 1983. (Doc. No. 12 at ¶ 24.) On October 10, 2014, defendants filed an action in the Kern County Superior Court, apparently seeking to enjoin plaintiff's cultivation of marijuana. (Doc. No. 12 at ¶¶ 26, 30.) That state court action was brought, according to plaintiff, because defendants "maliciously conspired and agreed to bring an action for injunction against Charles Ace Cook, Jr. and his deceased mother without probable cause." (Doc. No. 12 at ¶ 20.) Plaintiff also claims that the state court action was filed to retaliate against him for submitting his claim for damages against the CCPD for "trespass onto his property" and "the taking of his marijuana crop." (Doc. No. 12 at ¶ 21.)

On October 21, 2014, plaintiff's administrative claim was rejected.  (Doc. No. 12 at ¶ 27.) In November 2015, a Kern County Superior Court Judge rejected a motion for a preliminary injunction, finding that the plaintiffs in that action (i.e. some of the defendants here) had failed to present sufficient evidence establishing that marijuana was currently being cultivated on the property.  (Doc. No. 12 at ¶¶ 37, 140–41.)  Plaintiff claims this denial of the motion for preliminary injunction in the state court action is tantamount to finding that the action was filed without "probable cause." (Doc. No. 12 at ¶¶ 140–41.)   Plaintiff contends that any legal action filed without "probable cause" constitutes malicious prosecution.  Nonetheless, the civil action in state court apparently remains ongoing.

Although also somewhat unclear, it appears that in his FAC plaintiff may be attempting to present the following seven causes of action: (1) declaratory and injunctive relief against all defendants[1]; (2) "violation of civil rights" against all non-attorney defendants[2]; (3) "violation of civil rights" against all defendants[3]; (4) conspiracy to deprive plaintiff of his civil rights against

---

[1] The complaint cites numerous purported bases for this is cause of action, including violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, and the right to privacy under the California Constitution's (Doc. No. 12 at ¶ 74(a)), as well as the Equal Protection Clause (Doc. No. 12 at ¶ 74(b)–(d) (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886))), a bill of attainder claim (Doc. No. 12 at ¶ 74(d), (s)  (alleging a violation of Article 1, Section 9 of the U.S. Constitution)), a federal right to privacy claim (Doc. No. 12 at ¶ 74(e)–(h)), a potential First Amendment retaliation claim (Doc. No. 12 at ¶ 74(j)), violation of various state procedural statutes (Doc. No. 12 at ¶ 74(*l*)–(n)), and an *ex post facto* claim (Doc. No. 12 at ¶ 74(r)).

[2] It is unclear whether plaintiff seeks to bring this cause of action against the attorney defendants.  While the caption of the cause of action suggests it is not, the attorney defendants are specifically listed in the text thereof.  (Doc. No. 12 at ¶ 78.)  The specific violations of law alleged in connection with this claim appear to be: (1) a constitutional claim under the Freedom of Information Act (Doc. No. 12 at ¶ 78); (2) a violation of plaintiff's "right to public information under the sixth amendment to the U.S. Constitution" (Doc. No. 12 at ¶ 78); and (3) procedural and substantive due process violations (Doc. No. 12 at ¶ 79).

[3] This cause of action may be alleging the following violations: (1) procedural and substantive due process violations (Doc. No. 12 at ¶ 86); (2) a takings clause claim (Doc. No. 12 at ¶ 86); (3) a California state law Bane Act claim (Doc. No. 12 at ¶ 86); (4) a First Amendment retaliation claim (Doc. No. 12 at ¶ 87); (5) a constitutional privacy claim (Doc. No. 12 at ¶ 87); violations of state procedural laws (Doc. No. 12 at ¶¶ 93–94); and (6) various state law claims (Doc. No. 12 at ¶¶ 102–04).

the non-attorney defendants; (5) malicious prosecution[4]; (6) trespass against defendant Hayes and the non-attorney defendants; and (7) "trespass-violation of state civil rights" against the non-attorney defendants.

Because of the lack of clarity in the allegations of the FAC, the court asked plaintiff's counsel at the hearings on the pending motions to identify what federal causes of action were intended to be alleged. In response, plaintiff's counsel identified the following: (1) a facial and an as-applied challenge to the constitutionality of the city's ordinance under the First Amendment's right to privacy; (2) a Fourth Amendment violation of the right to be free from unlawful searches and seizures; (3) Fifth and Fourteenth Amendment due process claims; (4) a Fifth Amendment takings claim; (5) an Equal Protection claim pursuant to the decision in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886); and (6) a violation of petitioner's First Amendment rights to petition the government, to free speech, and to be free from retaliatory state action for protected activity.

Although it is clear that these causes of action identified by counsel at the hearings are not coterminous with the ones alleged, either directly or tangentially, in the FAC, the court will nonetheless direct its analysis to the claims identified by plaintiff's counsel at oral argument.

### Applicable Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

---

[4] It is not clear whether plaintiff is attempting to state a malicious prosecution claim under 42 U.S.C. § 1983. "The general rule is that malicious prosecution does not constitute a deprivation of life, liberty or property without due process of law and, therefore, is not cognizable under 42 U.S.C. § 1983." *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981); *see also Usher v. City of Los Angeles*, 828 F.2d 556, 561-12 (9th Cir. 1987). This rule is premised on the assumption that "process is available within the state judicial systems to remedy such wrongs," and therefore a malicious prosecution is not the same as a constitutional tort of the deprivation of liberty without due process of law. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); *see also Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012).

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**Analysis**

While no specific jurisdictional statute is invoked by plaintiff in his FAC, the court has jurisdiction pursuant to 28 U.S.C. § 1331, providing for "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." No allegations are made by plaintiff in his FAC that this court has jurisdiction pursuant to diversity and no basis for diversity jurisdiction appears from the allegations of the FAC. 28 U.S.C. § 1332. Since state law claims

are also alleged in the FAC, plaintiff presumably also wishes to invoke the court's supplemental jurisdiction over those claims.  28 U.S.C. § 1367.

   *1. Plaintiff's FAC States No Federal Claims*

   a. Plaintiff Has Not Sufficiently Alleged a Claim Based on the Right to Privacy

Plaintiff's counsel represented at hearing that the FAC alleges both a facial and an as-applied challenge to the validity of the local ordinance at issue under the First Amendment's right to privacy.  One of the seminal cases with respect to the constitutional right to privacy is *Griswold v. Connecticut*, 381 U.S. 479 (1965).  In that case, the court noted "specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance." 381 U.S. at 484.  "Various guarantees [within the Bill of Rights] create zones of privacy," and the Supreme Court identified a number of protections as creating such zones.  *Id.*  Among these was the First Amendment, and the Supreme Court in *Griswold* explained that cases such as *NAACP v. State of Alabama*, 357 U.S. 449 (1958) had "protected the 'freedom to associate and privacy in one's associations.'"  *Id.* at 483 (quoting *NAACP*, 357 U.S. at 462).  In *NAACP v. State of Alabama*, the Court refused to order the NAACP to turn over its membership lists to the State of Alabama, noting "compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association" as more direct forms of governmental action.  357 U.S. at 462.

Plaintiff presents no coherent explanation of how the allegations of his FAC could implicate a right to privacy under the First Amendment, such as the associational right found in *NAACP v. State of Alabama*.  No associational rights are alleged to have been violated in this case.  Nor has plaintiff presented any legal authority or persuasive argument that the First Amendment bars the enactment of a local ordinance prohibiting the cultivation of medicinal marijuana.  The FAC therefore fails to state a claim under the First Amendment's right to privacy.

   b. Plaintiff Has Not Stated a Cognizable Fourth Amendment Claim

Plaintiff's counsel also indicated he intended to state a Fourth Amendment claim for violation of plaintiff's right to be free from unlawful searches and seizures.  Counsel indicated this claim was in relation to the "jumping" into plaintiff's yard.  The court has taken this to mean

that the FAC was intended to state a Fourth Amendment claim against defendant Hayes. In the FAC plaintiff does allege that a police officer "without a warrant entered into Cook's yard by jumping a fence." (Doc. No. 12 at 9.) It appears defendant Hayes is alleged to have jumped a fence to gain access to plaintiff's front yard, and did so in order to leave a calling card and a copy of the ordinance prohibiting the cultivation of marijuana, presumably at plaintiff's front door. (Doc. No. 12 at 10.)

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Recent formulations of this right have explained "a violation occurs when government officers violate a person's 'reasonable expectation of privacy.'" *United States v. Jones*, ___ U.S. ____, 132 S.Ct. 945, 950 (2012) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)). The Supreme Court has also recognized an implicit license to approach the front door of a home, and has observed that "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" *Florida v. Jardines*, ___ U.S. ____, 133 S.Ct. 1409, 1416 (2013) (quoting *Kentucky v. King*, 563 U.S. 452, 469 (2011)). The allegations of plaintiff's FAC that an officer approached his front door in order to leave a calling card and a copy of a newly-enacted ordinance, whether he had to go over a fence or enter through its gate, without more, is insufficient to state a cognizable claim under the Fourth Amendment.

    c. <u>Plaintiff Has Not Stated a Cognizable Due Process Claim Based Upon Defendants' Failure to Follow California Civil Procedure Code § 1822.50</u>

At oral argument, plaintiff's counsel stated he had alleged a claim for violation of the Fifth Amendment's due process clause, related to the defendants' failure to follow California Civil Procedure Code § 1822.50. The allegations of the FAC make scant reference to this provision, though it notes generally that

> [t]he action of each individual and the City of California City deprived Charles Ace Cook, Jr. of procedural and substantive Due Process rights conferred upon him by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Just Compensation Clause of the Fifth Amendment – as well as under California Civil [Procedure] Code section 1822.50 et seq.

7

1  (Doc. No. 12 at 15.) California Civil Procedure Code § 1822.50 is also invoked in relation to
2  plaintiff's allegation that the defendants lacked probable cause and therefore were maliciously
3  prosecuting him in the state court nuisance abatement action. (*See* Doc. No. 12 at 23–24.)

4  Whether proceeding under the due process clause of the Fifth or the Fourteenth
5  Amendment, "[p]rocedural due process imposes constraints on governmental decisions which
6  deprive individuals of 'liberty' or 'property' interests." *Mathews v. Eldridge*, 424 U.S. 319, 332
7  (1976). "'Due process is flexible and calls for such procedural protections as the particular
8  situation demands.'" *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).
9  California Civil Procedure Code § 1822.50 defines an inspection warrant as follows:

> An inspection warrant is an order, in writing, in the name of the people, signed by a judge of a court of record, directed to a state or local official, commanding him to conduct any inspection required or authorized by state or local law or regulation relating to building, fire, safety, plumbing, electrical, health, labor, or zoning.

13  Even assuming this state law provision creates for private citizens an enforceable procedural
14  right, how and why this provision is applicable here in light of the allegations of the FAC remains
15  unclear. The court declines to guess. Accordingly, the court concludes that the FAC fails to state
16  a cognizable due process claim.

17            d.  <u>Plaintiff Has Not Stated a the Fifth Amendment Takings Clause Claim</u>

18  As best the court can surmise, plaintiff's claim concerning the Fifth Amendment's
19  Takings Clause levels a facial challenge against the ordinance in question, which bans cultivation
20  of medical marijuana, because it constituted a constructive taking of his property (i.e., marijuana
21  plants) and he was not compensated. As the city defendants point out, plaintiff has no protected
22  interest in cultivating marijuana. (Doc. No. 28 at 15–16.)

23  Pursuant to the Fifth Amendment, "private property [shall not] be taken for public use,
24  without just compensation." U.S. Const. amend. V. "In order to state a claim under the Takings
25  Clause, a plaintiff must first demonstrate that he possesses a 'property interest' that is
26  constitutionally protected." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir.
27  1998). A property interest can be created by the operation of state law, as well as federal law.
28  *See id.* at 1198–99 (discussing *Tellis v. Godinez*, 5 F.3d 1314 (9th Cir. 1993), in which the court

found a cognizable property interest in the interest earned on a prisoner's trust account to have been created by a state statute). However, marijuana remains illegal under federal law, *see* 21 C.F.R. § 1308.11(d)(23) (listing marijuana as a Schedule I drug), *see also Gonzales v. Raich*, 545 U.S. 1 (2005), and no state law in California creates a right to cultivate it. *See Maral v. City of Live Oak*, 221 Cal. App. 4th 975, 984 (2013) ("[A]s we held in *Browne* [*v. County of Tehama*, 213 Cal. App. 4th 704 (2013)] and our Supreme Court confirmed in [*City of Riverside v.*] *Inland Empire* [*Patients Health and Wellness Center, Inc.*, 56 Cal. 4th 729 (2013)], there is no right— and certainly no constitutional right—to cultivate medical marijuana.")

Plaintiff has failed to allege a cognizable property interest in any medical marijuana plants and therefore has not stated a cognizable a Takings Clause claim.

e. <u>Plaintiff Cannot State an Equal Protection Claim</u>

Plaintiff's counsel also indicated that his client asserts a Fourteenth Amendment equal protection claim premised on the decision in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886). In *Yick Wo*, an operator of a laundromat in San Francisco sought a writ of habeas corpus following his imprisonment under a statute that required any laundry businesses operated in wood buildings to first receive a permit from a local board. The Court noted the petitioner, who was Chinese, along with two hundred other Chinese nationals who operated laundries, had been denied a permit, while eighty other laundry operators who were not Chinese nationals had been granted such a permit. 118 U.S. at 374. According to the Court, since "[t]he fact of this discrimination is admitted," and the only apparent reason for it was "hostility to the race and nationality to which the petitioners belong," the discrimination was therefore illegal and the writ of habeas corpus was to be granted. *Id.*

Again, the decision in *Yick Wo* has no apparent relation to the allegations of the FAC. The FAC alleges no facts suggesting invidious racial discrimination in the application of the ordinance in question against petitioner. The type of discrimination the Supreme Court held was illegal in *Yick Wo*—preference based on race in deciding which businesses would receive a purely discretionary permit—is not alleged to be present here. There is no allegation the local ordinance plaintiff protests allowed *anyone* to legally cultivate marijuana in California City. Plaintiff's

1  FAC fails to state a cognizable equal protection claim supported under the decision in *Yick Wo*.

        f. <u>Plaintiff's First Amendment Claims Must Fail</u>

        At the hearing on the pending motions plaintiff's counsel argued that plaintiff's right to petition the government and his freedom of speech were violated by the defendants.  Further, it was asserted that plaintiff believes he was retaliated against for exercising his First Amendment rights by the institution of nuisance abatement proceedings against him in state court.  It is not apparent how the complained-of ordinance or it application could result in an abridgement of plaintiff's First Amendment rights to petition the government or to speak since the cultivation of medicinal marijuana plants is neither a petition to the government nor an act of speech.  The FAC does not state a cognizable claim under these theories.

        In order to allege a First Amendment claim of retaliation, a non-prisoner plaintiff must allege facts sufficient to demonstrate three elements:  (1) plaintiff was engaged in a constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from engaging in that protected activity and (3) the protected activity was a "substantial or motivating factor" in the defendant's conduct.  *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).  While submitting a claim of damages to a city council is constitutionally-protected activity, the FAC contains no allegations of fact demonstrating how a nuisance abatement lawsuit would chill a person of ordinary firmness from filing such claims.  Since the state court nuisance suit presumably seeks to enjoin plaintiff's cultivation of marijuana — something plaintiff has no protected right to do under state or federal law, *see above* — the FAC contains no allegations of facts demonstrating the second element of a retaliation claim could be met.  A court order prohibiting a citizen from taking an action the citizen has no right to take in the first place would

/////
/////
/////
/////
/////

not chill anyone from speaking, let alone a person of ordinary firmness. *See O'Brien*, 818 F.3d at 932.[5]

### 2. *Plaintiff's State Law Claims*

As discussed above, the court has considered and dismissed all of the federal claims which counsel indicated plaintiff was raising. All that will remain are plaintiff's state law claims. The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir.1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri,* 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir.2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory). Of course, "primary responsibility for developing and applying state law rests with the state courts." *Curiel v. Barclays Capital Real Estate Inc.*, Civ. No. S–09–3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Considering these factors, if no cognizable federal claims are stated, the court would decline to exercise supplemental jurisdiction over any state law claims plaintiff may be attempting to assert in this action. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").

---

[5] The court notes defendants have moved to dismiss asserting the *Noerr-Pennington* doctrine applies and they are immune from suit in this case. Because the court concludes the FAC does not plead facts sufficient to state any cognizable federal claims, there is no need to reach the application of *Noerr-Pennington* to the current matter. Furthermore, the application of this doctrine to this case is unclear. *See Sosa v. DirecTV, Inc.*, 437 F.3d 923, 942 (9th Cir. 2006) (concluding the *Noerr-Pennington* doctrine is a "generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause"). "Under the *Noerr-Pennington* rule of statutory construction, [this court] must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id*. As a rule of statutory construction, applying the doctrine to prohibit the bringing of First Amendment claims because of a state actor's "petitioning" activity in filing a lawsuit via its state-granted enforcement power is a constitutional question with no readily apparent answer.

11

Additionally, the city defendants have moved under California's anti-SLAPP statute for dismissal of plaintiff's state law claims as well as for attorney's fees. (Doc. No. 28 at 20–28.) Because the court would decline to exercise supplemental jurisdiction over any state law claims in the absence of any cognizable federal claims, it has no occasion to reach the applicability of the anti-SLAPP statute to the FAC. Therefore, the city defendants' motion will be denied.

3. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend his pleading to state a cognizable claim. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1472 (9th Cir.1988); *see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, the court cannot yet say that further amendment would be futile. Accordingly, plaintiff will be given a final opportunity to correct the deficiencies in his FAC and this dismissal will be with leave to amend.

**CONCLUSION**

For the reasons set forth above, defendants' motions to dismiss (Doc. Nos 16, 28) for failure to state a claim are granted with leave to amend. Plaintiff is granted leave to file any second amended complaint within twenty-one (21) days of service of this order. Failure to file a second amended complaint within the time provided by this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 9, 2016**

UNITED STATES DISTRICT JUDGE