UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ACE COOK, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY of CALIFORNIA CITY, a California municipal corporation; TOM WILLIAM WEIL; WILLIAM ROBERT SMITH; SHANNON HAYES; and Does 1–100, inclusive,<br><br>Defendants. | No. 1:16-cv-00429-DAD-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 53) |

This case is currently before the court on a motion to dismiss plaintiff's second amended complaint ("SAC"), which was filed on December 28, 2016. (Doc. No. 46.) Defendants California City, Hayes, Smith, and Weil moved to dismiss the SAC and to strike plaintiff's state claim pursuant to California Code of Civil Procedure § 425.16(b)(1) on January 25, 2017. (Doc. No. 53.)[1] Plaintiff filed an opposition on February 21, 2017. (Doc. No. 58.) Defendants replied on February 28, 2017. (Doc. No. 65.) The court heard oral argument on March 7, 2017, with attorney Olaf Landsgaard appearing telephonically on behalf of plaintiff and attorney Julie

---

[1] Other former defendants—the law firm of Jones and Mayer, Charles F. Neumeyer, and George Roscoe Trindall III—were voluntarily dismissed from this action by plaintiff on February 22, 2017. (Doc. Nos. 63, 64.)

Fleming appearing telephonically on behalf of defendants. For the reasons that follow, the court grants defendants' motion to dismiss.

**BACKGROUND**

The factual background of this case was set out in the court's prior order of December 9, 2016, and will not be repeated here save and except to highlight the differences between plaintiff's complaints, as discussed further below. (*See* Doc. No. 45.) The fifty-five page SAC suffers from the same lack of clarity as the first amended complaint ("FAC"). (*See id.* at 3–4 (noting the potential claims plaintiff might have been seeking to allege in his FAC).) Again, the SAC appears to contain allegations which could be construed to allege a wide variety of claims on a plethora of legal bases.[2] At the hearing on the pending motion and at the court's request, plaintiff's counsel identified the federal causes of action alleged in the SAC as follows: (1) a First Amendment retaliation claim; (2) a Fourth Amendment claim; (3) a Fifth Amendment claim; and (4) a Fourteenth Amendment due process claims. Plaintiff's counsel also identified the following new factual allegations in plaintiff's SAC: (1) that the hearing process on plaintiff's damages claim to the city evidenced retaliation because it was conducted in public and because an unruly member of the public was removed from the council meeting (*see* Doc. No. 46 at ¶¶ 121–23); (2) that defendant Hayes—a local police officer—allegedly returned twice more to plaintiff's home and jumped into his front yard to leave a notice of the new city ordinance on his porch (*see id.* at ¶ 33); (3) that a clarified timeline of events shows that only 10 days elapsed between plaintiff's submission of his claim to the city for damages and the nuisance abatement suit filed against

---

[2] Notably, the SAC includes reference to legal standards related to deliberate indifference, a claim typically sounding under the Eighth Amendment. Those legal standards would appear clearly inapplicable here given that there is no allegation plaintiff was detained in any capacity connected to the underlying state court lawsuit. Plaintiff also includes language in the SAC, as he did in the FAC, suggesting that it is intended to be a class action complaint even though its few factual allegations are specific only to this plaintiff. For instance, the SAC alleges that the municipality "created a statute that on its face appears to be neutral, but was drafted specifically to apply as against Charles Ace Cook, Jr.," and that "only Charles Ace Cook, Jr. has a lawsuit against him based on the City ordinance." (Doc. No. 46 at ¶¶ 108–09.) Plaintiff's counsel represented at hearing on the pending motion that the suit, though primarily concerning the alleged retaliation against Mr. Cook, was intended to be a class action. Nonetheless, the court has heard no coherent explanation as to how the allegations of the SAC are capable of such an interpretation.

2

plaintiff by the city (*see id.* at ¶¶ 35–37); and (4) that defendant Weil and plaintiff had, as plaintiff's counsel put it, "history." The SAC also includes discussion of California's recently-enacted Proposition 64. (*See id.* at ¶¶ 5, 26, 46.) Given the rambling nature of the SAC, the court will again focus its attention on those claims identified by counsel at oral argument as purportedly presented therein.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

1. *Plaintiff States No Cognizable Federal Claims in His Second Amended Complaint*

    a. <u>The SAC Does Not State a Cognizable First Amendment Retaliation Claim</u>

In order to allege a First Amendment claim of retaliation, a plaintiff must allege facts sufficient to demonstrate three elements: (1) plaintiff was engaged in a constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from engaging in that protected activity and (3) the protected activity was a "substantial or motivating factor" in the defendant's conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

In its prior order addressing the FAC, the court concluded plaintiff had not stated a First Amendment retaliation claim because he could not plausibly allege that a person of ordinary firmness would be chilled by the filing of a nuisance abatement proceeding against them to enjoin their cultivation of marijuana. (Doc. No. 45 at 10.) In his opposition to the pending motion to dismiss plaintiff clarifies that the chilling occurred not just because of the filing of the nuisance abatement suit against him, but because another resident, an acquaintance of plaintiff's, was ejected from a city council meeting after continually shouting that the city should not consider plaintiff's claim for damages at a public meeting. (Doc. No. 58 at 11–12.) Plaintiff also points to a news article which reported "[the resident] continued to protest, shouting from his seat, as the council proceeded with its discussion, and was eventually escorted from the meeting by a police officer." (*Id.*) According to plaintiff, the city council's discussion of plaintiff's request for damages at an open, rather than a closed, session was "meant . . . to humiliate" plaintiff. (*Id.* at 12.) Even if these allegations were included in the SAC, where they are merely alluded to (*see* Doc. No. 46 at 34-36), they would be insufficient to state a plausible retaliation claim. A person of ordinary firmness would not be chilled from engaging in protected First Amendment activity

4

by any of the following, even in concert: (1) a public discussion at a municipal meeting of a claim for damages for trespassing that plaintiff had filed; (2) an acquaintance being removed from the same public meeting for being unruly; or (3) the filing of a nuisance abatement suit seeking to enjoin plaintiff from growing marijuana when, at the time of the suit, cultivating marijuana was illegal under the applicable law.

There are many cases where legal action has been found sufficiently adverse to threaten the chilling of protected activity, enough so that this court would presume legal action such as the filing of a lawsuit is usually sufficient to meet this prong. *See Ford v. City of Yakima*, 706 F.3d 1188, 1193–94 (9th Cir. 2013) (being booked and taken to jail sufficient to chill ordinary person); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (investigation and arrest sufficient to find chilling); *Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (false prison disciplinary complaints could sufficiently chill); *Brodheim v. Cry*, 584 F.3d 1262, 1270–71 (9th Cir. 2009) (threat of unwarranted prison discipline sufficiently chilling); *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231–32 (9th Cir. 2006) (search-and-seizure could be sufficiently chilling); *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (even "[i]nformal measures, such as 'the threat of invoking legal sanctions'" can be sufficiently chilling) (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963)). However, here, plaintiff has consistently alleged only that the state court abatement action brought against him was retaliatory because it sought to enjoin him from cultivating marijuana. (*See* Doc. No. 46 (Plaintiff's SAC) at ¶ 3 (defendants retaliated by "filing a lawsuit for permanent injunction"); *id.* at ¶ 6 (state court lawsuit sought to prohibit cultivation of marijuana); *id.* at 7 (noting suit for injunction filed without "probable cause"); *id.* at ¶¶ 23, 29, 31, 32; *id.* at ¶ 37 (noting retaliation by filing "a lawsuit to enjoin Cook's alleged growing of marijuana"); *see also id.* at ¶¶ 41, 42, 59, 61, 88–89, 110, 116, 124, 129, 143, 180.)

It is clear that at the time the abatement action was brought state law permitted municipalities to bar cultivation of marijuana within their jurisdictions by local ordinance. *See City of Riverside v. Inland Empire Patients Health and Wellness Ctr., Inc.*, 56 Cal. 4th 729, 752–57 (2013) (finding state medicinal marijuana laws do not preempt local ordinances prohibiting cultivation of medical marijuana); *Ross v. RagingWire Telecomms., Inc.*, 42 Cal. 4th 920, 926–31

(2008) (noting medicinal marijuana laws provided only that certain instances of possession and cultivation were no longer criminal under state law). Plaintiff has presented no argument otherwise. Moreover, it is undisputed California City had such an ordinance prohibiting the cultivation of marijuana in effect at the time.

This court cannot conclude that, as plaintiff has alleged, a nuisance abatement suit seeking only to enjoin him from an activity he had no right under the law to take up would chill a person of ordinary firmness from engaging in the protected First Amendment activity of filing a grievance. The legal actions in the numerous cases cited above involved substantial impingements on the rights of the plaintiffs, such as restrictions on their liberty, direct financial penalties, and invasions into personal spaces protected by the Fourth Amendment. A suit enjoining plaintiff from engaging in conduct he had no right to engage in implicates no such harm. *See Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016) (noting adverse retaliatory acts are ordinarily "'regulatory, proscriptive, or compulsory in nature and have the effect of *punishing* someone for his or her speech'") (quoting *Blair v. Bethel Sch. Dist.*, 608 F.3d 540 (9th Cir. 2010)) (emphasis added) (internal quotations omitted); *see also Blair*, 608 F.3d at 544 (adverse action must be more than a "minor indignity, and *de minimis* deprivations of benefits and privileges on account of one's speech do not give rise to a First Amendment claim"). In the absence of any such harm, it is difficult to conceive of a reason a person of ordinary firmness would be chilled by the action taken here. Accordingly, plaintiff's retaliation claim is subject to dismissal as well.

                b. The SAC Does Not State a Fourth Amendment Unreasonable Search Claim

The only additional fact alleged in the SAC pertinent to plaintiff's Fourth Amendment claim[3] is that defendant Hayes allegedly jumped over plaintiff's fence three times during the month of September 2014, rather than just once. (Doc. No. 46 at ¶ 33.) The SAC alleges that on at least one occasion, presumably after jumping into plaintiff's front yard, defendant Hayes left

/////

---

[3] Though not explicitly stated by counsel at the hearing on the pending motion, the court infers that plaintiff's Fourth Amendment claim is premised on an assertion that an unreasonable search of his property took place.

6

his calling card and a copy of the newly enacted California City ordinance banning the cultivation of marijuana. (*Id.* at ¶ 34.)

The court previously dismissed this claim as alleged in the FAC because the Supreme Court has recognized an implicit license to approach the front door of a home, and has observed that "a police officer not armed with a warrant may approach a home and knock, precisely because that is no more than any private citizen might do." (*See* Doc. No. 45 at 7) (quoting *Florida v. Jardines*, 569 U.S. ___, ___, 133 S. Ct. 1409, 1416 (2013)) (internal quotations omitted).) The allegation that a police officer tried three times over the course of a month to contact plaintiff at his residence and make him aware of this ordinance, no more alleges a plausible Fourth Amendment violation than the allegation that the officer attempted to do so once. Accordingly, just as was the case with the FAC, plaintiff's SAC fails to state a cognizable Fourth Amendment claim.

### c. The SAC Does Not State a Fifth Amendment Takings Clause Claim

The court can identify no new relevant factual allegations in the SAC—and plaintiff identifies none—bearing on plaintiff's Takings Clause claim brought under the Fifth Amendment. To the extent plaintiff seeks to restate a Takings Clause claim, the court reiterates its decision from its prior order: marijuana remains illegal under federal law. *See Gonzales v. Raich*, 545 U.S. 1 (2005); *see also* 21 C.F.R. § 1308.11(d)(23) (listing marijuana as a Schedule I controlled substance). Moreover, no provision of California law had created a general right to cultivate marijuana in 2014. *See Maral v. City of Live Oak*, 221 Cal. App. 4th 975, 984 (2013) ("[A]s we held in *Browne* [*v. County of Tehama*, 213 Cal. App. 4th 704 (2013)] and our Supreme Court confirmed in [*City of Riverside v.*] *Inland Empire* [*Patients Health and Wellness Center, Inc.*, 56 Cal. 4th 729 (2013)], there is no right—and certainly no constitutional right—to cultivate medical marijuana."). Accordingly, plaintiff has failed to allege a cognizable property interest in his marijuana plants and therefore has failed to state a cognizable claim under the Takings Clause of the Fifth Amendment.

/////

/////

d. The SAC Does Not State a Fourteenth Amendment Claim

Likewise, the court finds no new facts alleged in plaintiff's SAC bearing on his due process claim brought under the Fourteenth Amendment. Therefore, this claim is dismissed for the reasons set out in the court's prior order. (*See* Doc. No. 45 at 7–8.)[4]

2. *Plaintiff Cannot State a Claim Premised on Proposition 64*

While far from clear, it appears plaintiff may be attempting to base a claim on California's recently-enacted Proposition 64, which legalizes the recreational use of marijuana under state law. (*See, e.g.*, Doc. No. 46 at ¶ 5 (citing to Proposition 64); ¶ 6 (claiming the California City ordinance at issue in this case "has been overruled"); ¶ 26 (citing to Proposition 64); ¶ 84 (citing to Proposition 64); ¶ 85 (referring to the "overruled new zoning code").) The underlying factual basis for plaintiff's SAC was a lawsuit filed in state court against plaintiff by defendants in 2014, which plaintiff claims was baseless. Proposition 64, which was not passed until November 2016, is irrelevant to whether a state court lawsuit filed in 2014 was meritless. Moreover, whatever harms plaintiff may believe he suffered as a result of the prosecution of the state court lawsuit initiated in 2014 following the passage of Proposition 64 would appear to have been mooted by defendants' dismissal of that lawsuit. (*See* Doc. No. 61.[5])

3. *Leave to Amend*

At oral argument, plaintiff's counsel indicated he wished to be granted leave to amend the complaint for a third time, in the event the court granted defendants' motion to dismiss. Counsel

---

[4] The court declines to guess how and why California Civil Procedure Code § 1822.50, which defines the term "inspection warrant," could implicate due process concerns in plaintiff's case.

[5] This document—a copy of the request for dismissal filed in the underlying state court case—is one of several plaintiff seeks to have the court judicially notice. Court records are an appropriate subject of judicial notice, and the court will take judicial notice of this document. *See Airwair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 950–51 (N.D. Cal. 2015) ("[A] court may take judicial notice of records or proceedings in other cases.") (citing *Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002)). The court will not judicially notice the draft environmental impact report provided by plaintiff (Doc. No. 60), because it is irrelevant. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice where document was not relevant). Nor will the court take judicial notice of the text of Proposition 64 (Doc. No. 62) provided by plaintiff. *See Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) ("Judicial notice of law is outside the scope of Rule 201.").

8

represented that he particularly wished to amend the complaint to state a claim of malicious prosecution (presumably under 42 U.S.C. § 1983), since the state court lawsuit against him had been dismissed by the named defendants here.

The court is to "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). The Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (internal quotations and changes omitted). In evaluating whether leave to amend should be given, the following factors should be considered: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808. *See also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.")

Malicious prosecution claims are generally not cognizable under 42 U.S.C. § 1983 and are "not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (*en banc*). Nevertheless, the Ninth Circuit has held "that an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id.* "[A] § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of depriving him of a 'specific constitutional right,'" though it need not be any particular constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). Therefore, the Ninth Circuit has allowed a malicious prosecution claims to go forward in § 1983 actions where "the defendants prosecuted

9

[plaintiff] with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir. 1995)).

Stating such a § 1983 claim "requires 'the institution of criminal proceedings against another who is not guilty of the offense charged' and that 'the proceedings have terminated in favor of the accused.'" *Id.* (quoting Restatement (Second) of Torts § 653 (1977)). Therefore, where a plaintiff was arrested but had "not alleged that any process resulting in the initiation of criminal proceedings followed this arrest," the claims were properly dismissed. *Id.* at 920[6]; *see also Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (noting malicious prosecution "requires favorable termination of *criminal proceedings* as an element of the civil claim") (emphasis added).

Here, it is undisputed that no criminal charges were ever brought against plaintiff in state court. Rather, the state court lawsuit was a nuisance abatement action filed by the city merely to enjoin plaintiff from growing marijuana at his residence. That action was clearly not a criminal proceeding. (*See, e.g.*, Doc. No. 61 (request for dismissal of a civil case, *City of California City v. Charles A. Cook*, No. S-1500-CV-283235, Kern County Superior Court, Feb. 9, 2017); Doc. No. 38-1 (minutes from case management conference in civil case); Doc. No. 32 (declarations filed in the state court civil action in support of a motion for preliminary injunction); Doc. No. 28-1 at 36–47 (docket for S-1500-CV-283235 noting "Court: B-Civil" and "Case Type: 42-CV Other Complaint-Civil Unlimited").) Since one must have been the subject of criminal proceedings to state a cognizable claim for malicious prosecution under 42 U.S.C. § 1983, plaintiff here cannot state such a claim. *See Bretz*, 773 F.2d at 1031 (noting malicious prosecution is generally not cognizable under § 1983 unless plaintiff can show defendants intended to subject him to a denial of specific constitutional rights). Moreover, herein the court has already concluded, for the second time, that plaintiff has stated no other cognizable federal constitutional claims. Plaintiff

---

[6] "A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).

is represented by counsel and has already been provided the opportunity to amend his complaint twice. He has done so by filing increasingly voluminous complaints. (*See* Doc. No. 1 (38-page complaint); Doc. No. 12 (45-page FAC); Doc. 46 (55-page SAC).) Given this history of plaintiff being unable to cure the deficiencies of his complaint by way of amendment, the court concludes it would be futile to grant plaintiff leave to file a third amended complaint.

4. *The Court Declines to Exercise Supplemental Jurisdiction Over Any State Law Claims*

Having once again concluded plaintiff's SAC fails to state any cognizable federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. As noted in this court's prior order, the court's discretion to exercise jurisdiction over state law claims under these circumstances is informed by the values of judicial economy, fairness, convenience, and comity. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri,* 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory). Of course, "primary responsibility for developing and applying state law rests with the state courts." *Curiel v. Barclays Capital Real Estate Inc.*, Civ. No. S–09–3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).

Here, the primary thrust of plaintiff's allegations is that defendants purportedly brought a baseless state court civil abatement action against him. The filings and rulings of the Kern County Superior Court are most readily accessible to that court, which is also most likely to be familiar with its own proceedings. State law regarding marijuana cultivation is evolving, and it is most appropriate for the state courts to decide issues related to local municipal control of zoning regulations on that subject under state law. Further, plaintiff has presented no evidence indicating that it would be unfair to make him proceed in state court on any of his remaining state law claims. The undersigned notes in this regard that the state court apparently ruled in plaintiff's

11

favor on a motion for preliminary injunction brought in the abatement action. (*See* Doc. No. 46 at ¶¶ 7, 12, 42.)[7]

Considering all of the relevant factors, the court declines to exercise supplemental jurisdiction over any remaining state law claims plaintiff may be attempting to assert in this action. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").

5. *Defendants' Anti-SLAPP Motion to Strike*

As noted above, defendants' have also moved to strike plaintiff's state law claims pursuant to California Code of Civil Procedure § 425.19(b)(1), arguing that those claims arise from defendants' engagement in protected First Amendment activity. (Doc. Nos. 53 at 25-30, 65 at 13-19.) Because the court declines to exercise supplemental jurisdiction over any state law claims, defendants' special anti-SLAPP motion to strike and the corresponding request for attorneys' fees will be denied as having been rendered moot by this order. *See DJ St. Jon v. Tatro*, No. 15-cv-2552-GPC-JLB, 2016 WL 1162678, at *10 (S.D. Cal. Mar. 23, 2016); *Yan Sui v. Marshack*, No. SACV 13-1607 JAK (AJW), 2015 WL 1637424, at *6 (C.D. Cal. Feb. 4, 2015) ("Absent the exercise of supplemental jurisdiction over plaintiffs' state law claims, Wells Fargo's special motion to strike under California Civil Procedure Code section 425.16 should be denied as moot because that statute 'applies only to state law claims ....'"), *report and recommendation adopted* 2015 WL 1649037 (C.D. Cal. Apr. 10, 2015); *Fotinos v. Sills*, No. C 12-3828 MEJ, 2012 WL 5870681, at *5 n.9 (N.D. Cal. Nov. 19, 2012).

/////

/////

/////

---

[7] Defendants assert that the state court abatement action filed against plaintiff was dismissed in large part because of the financial burden imposed by litigating in both state and federal court. (See Doc. No. 65-1 at ¶ 4) "([T]he City dismissed the state lawsuit against Charles Cook not because it lost faith in the merit of its claims but to avoid further fees and costs in the state court case. The city is currently expending legal fees to defend the federal complaint and did not want to incur additional attorney's fees in the state case.")

12

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to dismiss (Doc. No. 53) is granted with respect to all federal constitutional claims and those claims are dismissed with prejudice and without further leave to amend;

2. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims and those claims are dismissed without prejudice to their re-filing in state court;

3. Defendants' special anti-SLAPP motion to strike claim (Doc. No. 53), and corresponding request for attorneys' fees, is denied as having been rendered moot by this order; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 12, 2017**　　　　　　　　　*[signature: Dale A. Drozd]*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE